## CRAMMOND v. INTERNATIONAL PAPER CO.

(Supreme Court, Appellate Division, Third Department. November 14, 1906.)

EVIDENCE—IMMATERIALITY—PREJUDICIAL ERROR.

    In an action for personal injuries due to defendant's negligence, counsel for plaintiff asked the defendant's superintendent if he had been transferred "to another mill of this paper trust." Defendant objected to the term "trust," and the objection was overruled, and plaintiff's counsel then asked the question, "It is a trust, is it not?" This question was objected to, and objection overruled; but the question was withdrawn. *Held* that, it being immaterial to show that defendant was a trust, and the propounding of such questions being calculated to prejudice the jury, and objections being improperly overruled, admission of such evidence was reversible error.

Appeal from Trial Term, Washington County.

Action by Earle D. Crammond, an infant, by Elizabeth B. Orr, his guardian ad litem, against the International Paper Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial granted.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Erskine C. Rogers, for appellant.
J. A. Kellogg, for respondent.

COCHRANE, J. The plaintiff has recovered a verdict for personal injuries due to the defendant's negligence. A single occurrence during the progress of the trial requires a reversal of the judgment. Counsel for plaintiff asked the defendant's superintendent this question: "You have been transferred to another mill of this paper trust?" Defendant objected to the term "trust," the objection was overruled, an exception taken, and the witness answered in the affirmative. Plaintiff's counsel then asked this question: "It is a trust, is it not?" This question was likewise objected to, the objection was overruled, an exception taken, and the question was then withdrawn. The first question assumed that the defendant was a trust, and by the affirmative answer thereto the idea was conveyed to the jury that the assumption was correct. The fact was proven as effectually as if the second question had been answered affirmatively. For no purpose was it material to show that the defendant was a trust. The propounding of such questions, which are calculated to prejudice or improperly affect the jury, has been condemned. Cosselmon v. Dunfee, 172 N. Y. 507, 65 N. E. 494. In that case the condemnation applied to a question which was excluded by the court. But here the questions received the judicial sanction of the trial court. The improper rulings placed before the jury as proper evidence the fact that the defendant was a trust, which fact in no aspect

of the case was pertinent, and left the jury at liberty to take such fact into consideration in arriving at their verdict.

Plaintiff's counsel now urges that the rulings could have done no harm, because it already appeared in evidence that the defendant had large plants in different localities, which turned out large products. Such facts are not necessarily inconsistent with financial weakness, whereas the commonly accepted idea of a trust is that it is a combination of different corporations of great financial strength. There was no evidence that the defendant was a trust until the questions above set forth were propounded. We are unwilling to listen to the argument that such questions are harmless. If harmless, they should not be persisted in against the objection of the opposing party. Counsel pressing such questions must expect to derive some benefit therefrom, and the argument on appeal that no benefit was in fact derived is, to say the least, ungracious. We are disposed to assume that such questions, which are immaterial for any purpose, have the effect with the jury which was intended or desired when the questions were asked.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.